429 So.2d 838 (1983)
Luis Eduardo RAMOS, Appellant,
v.
Maximo E. SANABRIA and Iliana (Jorge) Sanabria, Appellees.
No. 82-1112.
District Court of Appeal of Florida, Third District.
April 19, 1983.
Alonso-Poch, De Yurre & Perez and Victor H. De Yurre, Coral Gables, for appellant.
No appearance for appellees.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
We reverse the judgment under review which granted Maximo Sanabria's petition to adopt Edward Ramos, the natural son of the appellant, Luis Ramos. The trial court found that the necessity for the appellant's consent to the adoption was obviated because since 1974, the year in which Ramos and the present Mrs. Sanabria were divorced, "there has been an almost total abandonment of the minor by his natural father." (emphasis supplied).
Even if, arguendo, we were to disregard the trial court's inadequate finding that Ramos "almost" abandoned his child, see § 63.072(1), Fla. Stat. (1981), we nonetheless must hold that even an unqualified finding of abandonment would not change the result, since such a finding is not supported by clear and convincing evidence as required. See Matter of Adoption of Cottrill, 388 So.2d 302 (Fla. 3d DCA 1980); Solomon v. McLucas, 382 So.2d 339 (Fla. 2d DCA 1980). It is apparent that the trial court, in granting the adoption, applied a "best interest of the child" test, which, while perfectly appropriate to deprive Ramos of custody of the child (an issue not here in dispute), is totally inappropriate to permanently deprive him of his parental rights. Stevens v. Johnson, 427 So.2d 227 (Fla. 3d DCA 1983); Matter of Adoption of Cottrill, 388 So.2d 302; Solomon v. McLucas, 382 So.2d 339.
Reversed with directions to vacate the final judgment of adoption, including the change of name of the minor, and enter judgment denying the petition for adoption.