432 So.2d 735 (1983)
In re The ADOPTION OF J.G.R., a Minor.
No. 82-1196.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
James M. Tuthill of Christiansen, Jacknin & Tuthill, Palm Beach, for appellant.
Joel M. Weissman of Sales & Weissman, P.A., West Palm Beach, for appellee.
WALDEN, Judge.
This is a step parent adoption. The final judgment granted the adoption of J.G.R. by his step father. The nonconsenting natural father appeals. We reverse.
Although the judgment recited that the adopted child was "abandoned" by the natural father, the record does not support such finding.
Section 63.072, Florida Statutes (1973) provides that the lack of a parent's consent may be excused where there is abandonment.
Abandonment was correctly defined in In re Adoption of Prangley, 122 So.2d 423, 428 (Fla. 2d DCA 1960) as:
[C]onduct which manifests a settled purpose to permanently forego all parental rights and the shirking of the responsibilities cast by law and nature so as to relinquish all parental claims to the child.
Moreover,
the legal right of a parent is one that should not be lightly regarded and that the Court to do so must have before it evidence that is clear and convincing.
With these standards in mind, the record reflects without doubt at least these facts:
1) The child support payments were current at the time of hearing. When there was a dispute over the amount of support due the natural father deposited the disputed sums into a savings account for his son. The amount in arrears was promptly paid when the court resolved the dispute in mother's favor.
2) The natural father sent birthday and Christmas gifts to his minor son.
3) The natural father regularly took advantage of the court ordered visitation up until 1977. Thereafter, as a result of a visitation dispute, the natural father's visitation was less frequent. However, the appellate record makes it clear that the natural father always made himself available to his minor son if the son so desired.
*736 We hold that the trial court erred in finding that the natural father abandoned his son, which error necessarily renders void the adoption judgment. We reverse upon authority of Prangley, supra; Hinkle v. Lindsey, 424 So.2d 983, 984 (Fla. 5th DCA 1983) and Ramos v. Sanabria, 429 So.2d 838 (Fla. 3d DCA 1983).
REVERSED.
DOWNEY and DELL, JJ., concur.